**William J. WHITSITT, Plaintiff–Appellant,**

v.

**George LYTLE, Badge # 761; et al., Defendants–Appellees.**

No. 09–17875.

United States Court of Appeals, Ninth Circuit.

ed by 9th Cir. R. 36–3.

Submitted Oct. 25, 2011.*

Filed Nov. 2, 2011.

William J. Whitsitt, Tracy, CA, pro se.

Mary Ellyn Gormley, Esquire, Manuel Francisco Martinez, Assistant County Counsel, Office of the County Counsel, Oakland, CA, Daphne C. Lin, Esquire, Trump, Alioto, Trump & Prescott, LLP, Fremont, CA, for Defendants–Appellees.

Before: TROTT, GOULD, and RAWLINSON, Circuit Judges.

MEMORANDUM ***

William J. Whitsitt appeals pro se from the district court's summary judgment in his 42 U.S.C. § 1983 action alleging constitutional claims arising from a traffic stop. We have jurisdiction under 28 U.S.C. § 1291. We review de novo. *Albertson's, Inc. v. United Food & Commercial Workers Union*, 157 F.3d 758, 760 n. 2 (9th Cir.1998). We may affirm on any ground supported by the record. *Shanks v. Dressel*, 540 F.3d 1082, 1086 (9th Cir.2008). We affirm.

The district court properly granted summary judgment on the Fourth Amendment claims concerning the traffic stop because Whitsitt failed to raise a genuine dispute of material fact as to whether defendants had reasonable suspicion to justify the stop. *See United States v. Hartz*, 458 F.3d 1011, 1017 (9th Cir.2006) ("A police-initiated traffic stop is reasonable

---

* The parties consented to proceed before a magistrate judge. *See* 28 U.S.C. § 636(c).

*** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

under the Fourth Amendment if the police stop the vehicle because of a 'reasonable suspicion' that the vehicle's occupants have broken a law." (citation omitted)).

 Contrary to Whitsitt's contention, the magistrate judge had authority to enter summary judgment because the parties consented to his authority to hear the case and enter judgment. *See* 28 U.S.C. § 636(c)(3).

For the reasons set forth in our memorandum disposition in Appeal No. 08–17516, the Fourth Amendment claims concerning Whitsitt's arrest and the impoundment of Whitsitt's vehicle were properly dismissed.

We are not persuaded by Whitsitt's remaining contentions, including the contentions that the cross-jurisdictional agreement was invalid, and that an invalid agreement would establish a Fourth Amendment violation. *See Virginia v. Moore,* 553 U.S. 164, 172, 128 S.Ct. 1598, 170 L.Ed.2d 559 (2008) (traffic stop did not violate the Fourth Amendment even though it violated local law).

Whitsitt's motion to file a supplemental brief is granted. The clerk shall file the supplemental brief received on December 27, 2010.

**AFFIRMED.**

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.